UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------x
SURELY GUILBE,

               Plaintiff,

  -against-

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.
--------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 1:22-CV-02841-FB

Appearances:
*For the Plaintiff*:
DANIEL ADAM OSBORN
Osborn Law P.C.
43 West 43rd Street, Suite 131
New York, NY 10036

*For the Defendant*:
BREON PEACE
United States Attorney
Eastern District of New York
By: MORRIS L. WILLIAMS, III
Special Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

      Surely Guilbe ("Guilbe") appeals the Commissioner of Social Security's ("Commissioner") final decision denying her application for Social Security disability benefits. Both Guilbe and the Commissioner have moved for judgment on the pleadings. For the following reasons, Guilbe's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

1

I.

Guilbe applied for disability insurance benefits in August 2019. She alleged disability as of July 21, 2018, due to bilateral carpal-tunnel syndrome, sciatica, depression, anxiety, degenerative disc disease and herniated discs of the cervical spine. An administrative law judge ("ALJ") held a hearing on January 15, 2021, during which Guilbe and a vocational expert testified. On March 9, 2021, the ALJ issued a decision finding that Guilbe could perform her past work as a New York City Police Department dispatcher, and therefore was not disabled. The Appeals Council denied review of the ALJ's decision on March 24, 2022. Thus, the decision became the final decision of the Commissioner, and this appeal followed.

II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "[S]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).

After March 27, 2017, a treating physician's medical opinion is no longer presumptively given controlling weight. 20 C.F.R. §§ 404.1520c(a). Rather, the

2

persuasiveness of each medical source is evaluated according to five factors: (i) supportability, (ii) consistency, (iii) relationship with claimant, (iv) specialization, and (v) "other factors." 20 C.F.R. §§ 404.1520c(c). Supportability and consistency are the two most important factors in determining persuasiveness of medical opinions, and the ALJ must articulate consideration of each of them in his assessment. 20 C.F.R. §§ 404.1520c(a)(2).

### III.

Remand is warranted because in making his finding, the ALJ failed to properly credit the opinion of Guilbe's treating physician, Dr. Vikas Varma, M.D ("Dr. Varma"). Therefore, the ALJ's finding was not supported by substantial evidence and fails to meet the standard required by 42 U.S.C. § 405(g).

The ALJ found Dr. Varma's opinion not persuasive because of apparent inconsistency with the record and insufficient supporting rationale. However, this conclusion was based on error. First, the ALJ incorrectly found that Dr. Varma's opinion did not satisfy the supportability factor under 20 C.F.R. §§ 404.1520c(c). Dr. Varma treated Guilbe from July 2018 through December 2020. During this time, Guilbe visited Dr. Varma approximately 20 times with complaints of bilateral hand numbness and pain, back pain, neck pain, and radiating leg pain, among other issues.

In his decision, the ALJ indicated that Dr. Varma's opinion consisted merely of "checkbox forms" and was "not supported by a detailed rationale, nor by his

3

treatment notes." A.R. 127. However, Dr. Varma's opinion was in fact supported by his examination findings, diagnosis, and course of treatment. *See* A.R. 584 - 600 (noting, for example, Guilbe's chronic history of lumbar radiculopathy, leg pain, neck pain, her anxious and panicky affect, and her bilaterally positive Tinel's test for carpal tunnel syndrome). Plainly, Dr. Varma's opinion was supported by sufficient rationale and the ALJ erred in concluding otherwise.

With regard to the consistency factor, the ALJ failed to provide a justification for his finding that Dr. Varma's opinion was "inconsistent with every other medical opinion of record." A.R. 33. This directly contravenes the ALJ's obligations under 20 C.F.R. §§ 404.1520c(b)(2) ("supportability . . . and consistency . . . are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions . . . Therefore, we will explain how we considered the supportability and consistency factors. . . in your determination or decision.").

Courts may remand ALJ decisions for this failure. *See, e.g.*, *Andrew G. v. Comm'r of Soc. Sec.*, 19-CV-0942, 2020 WL 5848776, at *7 (N.D.N.Y. Oct. 1, 2020) (finding that the ALJ's "decision failed to follow the regulatory requirement that she adequately explain the supportability or consistency factors," and therefore remand was warranted). If the ALJ had properly considered Dr. Varma's opinion, he may have come to a different conclusion regarding Guilbe's claim. For this reason, he committed legal error requiring remand. *See Butts*, 388 F.3d at 384.

## IV.

For the foregoing reasons, Guilbe's motion is granted, the Commissioner's motion is denied, and the case is remanded for further proceedings consistent with this Memorandum and Order.

**SO ORDERED**.

       /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 24, 2023